Joseph Antonelli, Esq. (SBN 137039)
JAntonelli@antonellilaw.com
Janelle Carney, Esq. (SBN 201570)
JCarney@antonellilaw.com
LAW OFFICE OF JOSEPH ANTONELLI
14758 Pipeline Ave., Suite E, 2nd Floor
Chino Hills, CA 91709
Tel. (909) 393-0223/ Fax: (909) 393-0471

Sahag Majarian II, Esq. (SBN 146621)
sahagii@aol.com
LAW OFFICES OF SAHAG MAJARIAN II
18250 Ventura Blvd.
Tarzana, CA 91356
Tel. (818) 609-0807/ Fax: (818) 609-0892

Attorneys for Plaintiff, Vanessa Rivera as an individual and on behalf of all employees similarly situated

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA RIVERA, as an individual and on behalf of all employees similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UHS OF DELAWARE, INC., dba UNIVERSAL HEALTH SERVICES OF DELAWARE, INC.; SOUTHWEST HEALTHCARE SYSTEM, a business form unknown; UNIVERSAL HEALTH SERVICES OF RANCHO SPRINGS, INC., a California Corporation; and DOES 1 to 100, inclusive,<br><br>Defendants | Case No.: 5:15-cv-00863-JGB-DTB<br>Hon. Jesus G. Bernal<br>Courtroom: 1<br><br>**PLAINTIFF'S OBJECTION TO SUPPLEMENTAL DECLARATION OF BRANDY ALBRIGHT FILED IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS THE ACTION, OR, IN THE ALTERNATIVE, STAY THE ACTION PENDING ARBITRATION**<br><br>Date:  June 8, 2015<br>Time:  9:00 a.m.<br>Dept.: 1<br>Action Filed: January 14, 2015 |

Plaintiff hereby respectfully submits her Objection to the Supplemental Declaration of Brandy Albright filed in support of Defendants' Motion to Compel Arbitration and Dismiss the Action, or, in the Alternative, Stay the Action Pending Arbitration.  Plaintiff reserves the right to orally argue further objections at the hearing on Defendants' Motion to Compel Arbitration, currently set for June 8, 2015.  Plaintiff filed a stipulation requesting that the hearing be continued to the date of the Remand hearing.

The Supplemental Declaration of Brandy Albright should be stricken because it contains inadmissible hearsay evidence without exceptions, is irrelevant; prejudicial, lacks foundation and authenticity, constitutes expert opinion without foundation, and is inadmissible lay opinion.

Specifically, the Declaration is objectionable and defective and should be stricken in its entirety for the following reasons:

1.     The Declarant fails to show personal knowledge and competency to testify on specific matters (Federal Rules of Evidence ("FRE") §§602 & 702);

2.     The Declarant states conclusions, estimations, and lay opinions without evidentiary facts, (FRE §§401, 402, 701, 702); and states inadmissible hearsay and/or opinions. Tongil Co. v. Vessel "Hyundai Innovator", 968 F.2d 999 (9th Cir. 1992); (FRE §§ 701, 704, 801-802); Primiano v. Cook, 598 F.3d 558, 564, 566 (9th Cir. 2010) (trial court must assure that the expert testimony "both rests on a reliable foundation and is relevant;" and the declarant is "'qualified as an expert by knowledge, skill, experience, training, or education to render an opinion").

**1**
**PLAINTIFF'S OBJECTION TO SUPPLEMENTAL DECLARATION OF BRANDY ALBRIGHT FILED IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS THE ACTION, OR, IN THE ALTERNATIVE, STAY THE ACTION PENDING ARBITRATION**

3. The Declarant's statements of what is said about what was provided or discussed with the plaintiff is offered for the truth of the matter asserted, is inadmissible hearsay. (FRE §§801-802);

4. The Declaration provides unfounded and unauthenticated assumptions and opinions, as well as hearsay evidence, with probative values that are substantially outweighed by the unfairly prejudicial effect. (FRE §403);

5. The Declarant provides expert opinion testimony without laying the foundation for such a status and opinions. (FRE §§701, 702, & 704). Primiano, 598 F.3d at 564, 566;

6. Furthermore, it is appropriate to sustain properly asserted evidentiary objections to the declarations submitted in support of a Defendants' Removal. See Swanson v. GMR Mktg. LLC, 2011 U.S. Dist. LEXIS 48879, *5 (N.D. Cal. Apr. 29, 2011).

7. The Declarant provides legal arguments and conclusions which do not constitute admissible evidence based on personal knowledge. (28 U.S.C. §1746).

8. The Declaration provides testimony as to the contents of documents in lieu of providing said documents without exception. (FRE §1002);

9. The Declaration provides improper evidence at Reply. Absent "exceptional" circumstances, it is improper to submit new evidence on reply. Plenger v. Alza Corn.. 11 Cal. App. 4th 349, 362, n.8 (1992); see also Hahn v. Diaz-Barba. 194 Cal. App. 4th 1177, 1193 (2011) ("evidentiary matter submitted with the reply ordinarily should not be allowed"). Defendants fail to identify any "exceptional" circumstances here. Accordingly, the new evidence should be stricken.

/////

Plaintiff asserts the specific objections as follows:

**1.      Page 1, Lines 9-12:**

"This information is maintained in the ordinary course and scope of business and, based on my experience, is created and maintained subject to methods that have proven to be reliable, trustworthy, and accurate."

**Objection:**  Hearsay, conclusory, improper expert opinion, and speculative. F.R. Evid. 401, 402, 602, 701, 702, 801 & 802.

Sustained:   _____

Overruled:   _____


**2.      Page 1, Lines 13-18:**

"The Pacific Region CBO provides administrative support services for multiple hospital facilities owned by Universal Health Services, Inc. including billing and collection services.  Specifically, the Pacific Region CBO provides support services to hospitals in California and Oklahoma.  For approximately two years between 2009 and the present, the Pacific Region CBO also provided support services for hospitals in North West Texas."

**Objection:**  Hearsay, conclusory, and lacks foundation. F.R. Evid. 401, 402, 602, 702, 801 & 802.

Sustained:   _____

Overruled:   _____

/////
/////
/////
/////
/////

**3**
**PLAINTIFF'S OBJECTION TO SUPPLEMENTAL DECLARATION OF BRANDY ALBRIGHT FILED IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS THE ACTION, OR, IN THE ALTERNATIVE, STAY THE ACTION PENDING ARBITRATION**

**3. Page 2, Lines 3-7:**

"Therefore, after she returned, I stopped by her desk and explained that I needed to speak with her regarding what she missed at the Monthly CBO Group Meeting in November. Ms. Rivera and I spoke for at least 15 minutes that day."

**Objection:** Irrelevant; hearsay. F.R. Evid. 602, 801 & 802.

Sustained: \_\_\_\_\_

Overruled: \_\_\_\_\_

**4. Page 2, Lines 7-11:**

"[T]he first topic I discussed with Ms. Rivera was the ARC agreement. I also informed Ms. Rivera about a new address update feature we were adding to our human resources system, the new PPO plans that were being offered during open enrollment for 2014, and the fact that our employee assistance program was changing names."

**Objection:** Irrelevant; hearsay. F.R. Evid. 602, 801 & 802.

Sustained: \_\_\_\_\_

Overruled: \_\_\_\_\_

**5. Page 2, Lines 12-24:**

"Contrary to her assertions, I never left any arbitration documents on Ms. Rivera's desk with no explanation. I provided Ms. Rivera with one of the packets left over from the group meetings, which, once again, included (1) a copy of the ARC Agreement; (2) the form acknowledging receipt of the ARC Agreement; and (3) an Opt Out form during our meeting. Similar to my discussions with other employees, I explained to Ms. Rivera that by signing the acknowledgment form, she was confirming that she had received the ARC Agreement and the Opt Out form and that she understood she would be bound by the terms of the ARC

4
PLAINTIFF'S OBJECTION TO SUPPLEMENTAL DECLARATION OF BRANDY ALBRIGHT FILED IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS THE ACTION, OR, IN THE ALTERNATIVE, STAY THE ACTION PENDING ARBITRATION

Agreement if she did not return and Opt Out Form within thirty days of signing the acknowledgment form.  Not only do I specifically recall having this discussion with Ms. Rivera, I am extremely confident these are the points I addressed because this was my general practice when discussing the ARC agreement with *any* employee.  Indeed, by the time I spoke to Ms. Rivera, I had participated in the same discussion on at least 6 different occasions"

  **Objection:** Hearsay; lacks foundation. F.R. Evid. 602, 801 & 802.

  Sustained: \_\_\_\_\_

  Overruled: \_\_\_\_\_

6. **Page 2, Lines 25-28:**

"During our conversation, Ms. Rivera never mentioned that she wanted her attorney to review the ARC Agreement or the ARC acknowledgment form.  I have actually never had any employee tell me they wanted *any* other person to review the ARC agreement before they made a decision."

  **Objection:** Hearsay; lacks foundation. F.R. Evid. 602, 801 & 802.

  Sustained: \_\_\_\_\_

  Overruled: \_\_\_\_\_

7. **Page 3, Lines 1-2:**

"Therefore, it would not be necessary for an employee to disclose this information to me."

  **Objection:** Hearsay; lacks foundation; speculative; and improper opinion testimony. F.R. Evid. 401, 402, 602, 701, 702, 801 & 802.

  Sustained: \_\_\_\_\_

  Overruled: \_\_\_\_\_

/////

**5**
**PLAINTIFF'S OBJECTION TO SUPPLEMENTAL DECLARATION OF BRANDY ALBRIGHT FILED IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS THE ACTION, OR, IN THE ALTERNATIVE, STAY THE ACTION PENDING ARBITRATION**

8. **Page 3, Lines 3-7:**

"I am also confident that Ms. Rivera never mentioned she wanted to opt out of the ARC Agreement. Had she, I would have just pointed her to the Opt Out Form that was in each ARC Agreement packet I created and she could have signed the Opt Out form and handed it to me right there without further issue – like many of her colleagues."

**Objection:** Hearsay; lacks foundation; speculative; and improper opinion testimony. F.R. Evid. 401, 402, 602, 701, 702, 801 & 802.

Sustained: \_\_\_\_\_

Overruled: \_\_\_\_\_

9. **Page 3, Lines 8-14:**

"While Ms. Rivera's declaration makes it appear that I was trying to discourage employees from opting out of the ARC agreement by not providing them with the Opt Out Form, almost one out of every five employees who was presented with the ARC Agreement chose to opt out by submitting the Opt-Out Form. There is absolutely no reason for me to have singled out Ms. Rivera and not provide her with an Opt-Out Form."

**Objection:** Hearsay; lacks foundation; speculative; and improper opinion testimony. F.R. Evid. 401, 402, 602, 701, 702, 801 & 802.

Sustained: \_\_\_\_\_

Overruled: \_\_\_\_\_

/////

/////

/////

**10.     Page 3, Lines 15-23:**

"Furthermore, Ms. Rivera never stated that she did not receive, nor did she ever request copies of the ARC Agreement or Opt Out Form from me, despite the Acknowledgment Form clearly indicating that they were supposed to be enclosed. Ms. Rivera never notified me orally or otherwise that she wished to Opt Out.  Ms. Rivera failed to submit *any* written request to Opt Out, on the actual Opt Out Form or otherwise, to the Company.  Finally, despite being fully aware of the fact that the Company had an employee compliance line, Ms. Rivera did not reach out to them to ask for any documentation regarding the ARC Agreement, or to complain that she felt she was being coerced into signing documents."

**Objection:**  Hearsay; lacks foundation; speculative; and improper opinion testimony. F.R. Evid. 401, 402, 602, 701, 702, 801 & 802.

Sustained:  _____

Overruled:  _____

**11.     Page 4, Lines 1-6:**

"As Ms. Rivera declares, she was terminated just over a month after signing the acknowledgement of the ARC Agreement.  However, the timing of Ms. Rivera's termination had nothing to do with the date she signed her ARC Acknowledgement.  Indeed, Ms. Rivera was one of nine people who were terminated as part of a lay off in January 2014.  The layoffs were due to the decision to transfer the North West region from Pacific Region CBO to the Mid Atlantic CBO."

**Objection:**  Hearsay; lacks foundation; and is speculative. F.R. Evid. 602, 801 & 802.

Sustained:  _____

Overruled:  _____

**12. Page 4, Lines 7-12:**

"The final decisions on which employees would be laid off were not made until January 7, 2014. The January 17, 2014 date was chosen simply because it was the first Friday that human resources and payroll could pull together the termination packets for all nine employees (who were laid off the same day). Once again this date had absolutely nothing to do with Ms. Rivera personally or the date she signed her ARC Acknowledgement."

**Objection:** Hearsay; lacks foundation; and is speculative. F.R. Evid. 602, 801 & 802.

Sustained: _____

Overruled: _____

Dated: June 1, 2015

LAW OFFICE OF JOSEPH ANTONELLI
LAW OFFICES OF SAHAG MAJARIAN II

By: _____
Janelle Carney, Attorney for Plaintiff

8
PLAINTIFF'S OBJECTION TO SUPPLEMENTAL DECLARATION OF BRANDY ALBRIGHT FILED IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS THE ACTION, OR, IN THE ALTERNATIVE, STAY THE ACTION PENDING ARBITRATION